# EXHIBIT A

| | SUM-100 |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DISCOVER BANK, and DOES 1-10.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ISHMAIL MUNTASIR RASHID WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco, 400 McAllister Street, San Francisco, CA 94102-4514

**CASE NUMBER:**
*(Número del Caso):*
CGC-21-589943

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Balam O. Letona, 1509 Seabright Ave., Ste.C1, Santa Cruz, CA (831) 421-0200

DATE: 03/08/2021
*(Fecha)*

Clerk, by _____ JACKIE LAPREVOTTE, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Discover Bank

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  Balam O. Letona, Esq. (Cal. Bar No. 229642)
   Law Office of Balam O. Letona, Inc.
2  1509 Seabright Avenue, Ste. C1
3  Santa Cruz, CA 95062
   Telephone: (831) 421-0200
4  Facsimile:  (831) 421-0400
5  balam@letonalaw.com

6  Attorney for Plaintiff:
   Ishmail Muntasir Rashid Wesley
7

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**03/01/2021**
**Clerk of the Court**
BY: JACKIE LAPREVOTTE
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
## (UNLIMITED JURISDICTION)

CGC-21-589943

| ISHMAIL MUNTASIR RASHID WESLEY, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| DISCOVER BANK, and DOES 1-10. | |
| Defendants. | |

Plaintiff Ishmail Muntasir Rashid Wesley ("Plaintiff or Mr. Wesley"), individually, hereby complains against Defendant Discover Bank, ("Defendant or Discover"), and DOES 1 through 10, inclusive, and on information and belief alleges as follows:

### I. INTRODUCTION

1. While living in San Francisco Mr. Wesley reviewed his credit report and discovered accounts that did not belong to him. All of those accounts have been removed from his credit report except a Discover Bank, credit card account.

2. Mr. Wesley is a victim of identity theft with respect to the Discover Bank, account. Defendant allowed an identity thief to use Mr. Wesley's identifying information to obtain credit from Defendant, and to this day Defendant assert that he owes the illegal and fraudulent debt. Defendant continues to report the account as charged off and

delinquent to the credit reporting agencies and collect from Mr. Wesley. Plaintiff did not open, authorize or receive any benefit from the Discover Bank credit card account. Defendant does not maintain reasonable procedures to diligently investigate or prevent fraud and identity theft. Plaintiff brings this action pursuant to California's Identity Theft Act, Civ. Code § 1798.92 *et.seq.*; the Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788 *et.seq*; the Consumer Credit Reporting Agencies Act, § 1785.1 *et.seq*; and the Fair Credit Reporting Act, § 1681 *et.seq.*; and the tort of Negligent Training and Supervision.

    3.    In enacting the federal Fair Debt Collection Practices Act, which is incorporated by reference into the Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788 *et.seq*, Congress found that the type of behavior taken by Defendant against Mr. Wesley causes damage to individual, families and the public. The United States Congress found:

a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.

b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c) Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts.

d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e) It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

1  debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. §1692a.

4. As a result of Defendant's unlawful acts and omissions, Plaintiff has suffered economic and non-economic damages, including emotional distress: anger, anxiety, stress, frustration, loss of enjoyment of life, depression, humiliation, grief, loss of time, out of pocket costs and other damages.

## II. JURISDICITON AND PARTIES

5. Plaintiff is a natural person over the age of 18 and a resident of the State of California.

6. Discover Bank is a corporation that does business throughout California, including the County of San Francisco. Defendant in the ordinary course of business, regularly engages in "debt collection" as that term is defined by Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

## III. DOE RESPONDENTS

7. Defendant DOES 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein below, are responsible in some manner for the matters alleged herein, and are jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this demand to state the true names and capacities of such fictitiously named Defendants when ascertained.

## IV. AGENCY AND ALTER EGO

8. At all times mentioned herein each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by

reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

9. At all times mentioned herein, each Defendant was the agent, employee or affiliate of each of the other Defendants and was acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to Plaintiff, who was affected by any of the Defendant's illegal actions. In the alternative, each Defendant conspired with and acted in concert with each other Defendant to do the acts complained of herein, and in pursuit of their own pecuniary interests, participated in the wrongful scheme and practices as alleged

## V. FACTUAL ALLEGATIONS

10. Defendant Discover Bank alleges that Plaintiff owes it $1,674.90 for a Discover credit card. It has charged off the account in the amount of $1,690.00 and reports this derogatory information to the credit bureaus. It further alleges that in August 2015, it was provided with Plaintiff's identifying information, name and address and issued a Discover credit card to Plaintiff on August 31, 2015. It further alleges that "the credit card was sent to 6701 Eton Av#a510 Canoga Park, CA 9130-4011" *[sic]*. Finally, Defendant alleges that "the credit card was used as shown by charges on statements that we have sent to you separately." Defendant has told Plaintiff on repeated occasions that based on this information "the account and balance are considered valid." On information and belief, the identity thief or thieves provided Defendant Plaintiff's social security number and other identifying information to open the fraudulent account.

11. Within the last two years, Plaintiff has notified Defendant repeatedly in writing that he is a victim of identity theft with respect to the Discover Bank account. He has disputed that the account is his and has requested that Defendant stop collecting and delete the Discover account from his credit reports. He has informed Defendant that he never lived at the Canoga Park address and that he did not open or authorize the account. In nearly each letter Plaintiff has provided his signature, the addresses of the locations he lived in during the relevant time frame 2015 – 2018, and his California Driver's license

number. During this time he has also sent Defendant copies of:

- FTC ID Theft Report signed under penalty of perjury stating that he is a victim of identity theft with respect to the account;
- A police report stating he is a victim of identity theft with respect to the account;
- A statement from his parole agent that Plaintiff was sentenced to State Prison on December 19, 1994 and released on February 1, 2018;
- Copies of various credit reports that list the disputed Discover account with the Discover account identified by Plaintiff as disputed;

12. In response to the disputes Defendant continues to hold Plaintiff responsible for the debt. In many instances Defendant repeats to Plaintiff the same information in ¶ 10 as the basis for why it believes Plaintiff owes the debt. For example, on August 6, 2020, it mailed Plaintiff a letter were it repeated the same information and alleged Plaintiff owed a balance of $1,674.90 and after conducting its investigation "the account and balance are considered valid" and it is attempting "to collect a debt and any information obtained may be used for that purpose." As recently as February 2, 2021, in response to one of Plaintiff's written dispute Defendant wrote "We previously communicated to you the result of our investigation … our reporting of the account will remain unchanged."

13. Furthermore, Defendant continues to report false, inaccurate and incomplete information to the credit reporting agencies regarding Plaintiff. It reports that Plaintiff has a Discover account, that he is past due $1,674, the account is charged off in the amount of $1,690, and that the account was 30, 60, 120 days past due. Defendant does not report that the account is disputed by Plaintiff. Additionally, Defendant continues to report to the agencies the identity thief's address or an incorrect address as belonging to Plaintiff - 6701 Eton Av#a510 Canoga Park, CA 9130-4011, *[sic]* and 7922 Day Creek Blvd., Apt. 7214 Rancho Cucamonga, CA 91739. Plaintiff has never lived at those addresses.

14. Within the last two years Plaintiff has repeatedly informed the credit reporting

agencies that he is a victim of identity theft with respect to the Discover Bank account. He has disputed the Canoga Park and Rancho Cucamonga addresses that Discover reports to the credit reporting agencies as his addresses. Among other things, he has directed the credit reporting agencies to delete the Discover Bank tradeline and the addresses. He has also provided the credit reporting agencies the documents listed in ¶11, including his CA driver's license. Each of the credit reporting agencies sent Defendant notice of Plaintiff's dispute, pursuant to and in compliance with 15 U.S.C. §1681i(a) and 15 U.S.C. §1681s-2. Furthermore, each of the credit reporting agencies forwarded to Defendant all the documents provided by Plaintiff. In response to the notices of dispute Defendant has verified false, inaccurate, incomplete and derogatory credit information to the credit reporting agencies as described herein. Defendant failed to conduct a reasonable investigation into Plaintiff's credit reporting dispute and continues to collect the account from Plaintiff. Plaintiff has expended significant time in disputing the Discover account and incurred mailing expenses.

15. Additionally, Plaintiff caused to be placed a fraud alert on his credit report with respect to the disputed account. In turn, the credit reporting agencies notified Defendant of each fraud alert or informed Defendant it intended to block the Discover account.

16. Defendant used false, deceptive or misleading representations or means to collect or attempt to collect a debt.

17. Defendant engaged in conduct the natural consequences of which is to harass, oppress and abuse Plaintiff.

18. Defendant used false representations of the character, amount or legal status of the debt is sought to collect from Plaintiff.

19. Defendant threatened action that cannot legally be taken or that it intended not to take.

20. Defendant communicated or threatened to communicate to the credit reporting agencies information with is known or which should be known to be false, including the

1 | failure to communicate that the debt is disputed.

2 |   21. Defendant used false representations or deceptive means to collect or attempt
3 | to collect the debt from Plaintiff.

4 |   22. Defendant used unfair and unconscionable means to collect or in an attempt to
5 | collect a debt.

6 |   23. Defendant sought to collect an amount not authorized by an agreement with
7 | Plaintiff.

8 |   24. All of the communications described herein by Defendant were attempts to
9 | collect a debt.

10 |   25. At all relevant times, Defendant and its agents, servants, and employees acted
11 | with oppression or malice. Defendant and its agents, servants and employees engaged in
12 | despicable conduct carried on with a willful and conscious disregard of the rights and
13 | safety of Plaintiff. Defendant and its agents, servants and employees engaged in
14 | despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious
15 | disregard to Plaintiff's rights.

**FIRST CLAIM FOR RELIEF**

**CALIFORNIA IDENTITY THEFT ACT**

18 |   26. Plaintiff repeats and re-alleges the paragraphs above.

19 |   27. Defendant's acts and omissions violated 15. U.S.C. §1798.93 et seq., including
20 | but not limited to the sections noted below.

21 |   28. Defendant is a "claimant" within the meaning of Civil Code section 1798.92(a)
22 | in that it is a person who purports to have a claim for money or interest in property in
23 | connection with a transaction procured by identity theft.

24 |   29. Plaintiff is a "victim of identity theft" within the meaning of Civil Code section
25 | 1798.92(c) in that he is a person who has had his personal identifying information used
26 | without authorization by another to obtain credit, goods, services, money, or property
27 | which Plaintiff did not use or possess, and he has filed a police report in this regard

7

pursuant to Penal Code section 530.5.

30. Defendants' acts and omissions violated Civil Code sections 1798.92 and 1798.93 including, but not limited to, the sections listed below.

31. Pursuant to Civil Code section 1798.93(c)(1), Plaintiff is entitled to a declaration that he was a victim of identity theft regarding these fraudulent transactions, as discussed above.

32. Plaintiff is entitled to a declaration that any interest that Defendant may have obtained in Plaintiff's property is void and unenforceable and an injunction restraining Defendant from collecting or attempting to collect from Plaintiff.

33. Pursuant to Civil Code section 1798.93(c)(5), Plaintiff is entitled to damages, attorney fees, costs, and any equitable relief the court deems appropriate.

34. Thirty days prior to filing this action Plaintiff provided written notice to Defendant that a situation of identity might exist and has provided Defendant a copy of a police report filed pursuant to Penal Code 530.5.

35. Plaintiff provided written notice to Defendant, at least thirty days prior to filing this action, at the address designated by Defendants for complaints related to credit reporting issues, that a situation of identity theft might exist and explaining the basis for that belief. Defendant failed to diligently investigate Plaintiff's notification of a possible identity theft, and continues to pursue its claims against Plaintiff or maintain Plaintiffs property after being presented with facts that establish Plaintiff was a victim of identity theft.

36. As a result of Defendants violations, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### SECOND CLAIM FOR RELIEF
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

38. The acts and practices taken by the Defendant described herein is "debt

1 | collection" as defined by Civ. Code §1788.2(c).

2 | 39. Defendant was attempting to collect a "consumer debt" as defined by Civil Code § 1788.2.

40. Plaintiff is a "debtor" as defined by Civil Code § 1788.2.

41. Defendant violated Civ. Code §1788.17, which requires every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §1692b to §1692j of 15 U.S.C. §1692.

42. Defendants acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the Civil Code §1788 *et.seq.*

43. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

### CALIFORNIA CONSUMER CREDIT REPORTING ACT

44. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

45. Defendant negligently and willfully furnished information to the credit reporting agencies with respect to Plaintiff it knew or should have known was inaccurate, misleading and incomplete pursuant to Civ. Code § 1785.25.

46. Defendant failed to conduct a reasonable investigation as to whether its credit reporting with respect to Plaintiff was accurate, misleading or incomplete.

47. Plaintiff is entitled to actual damages, attorneys' fees, costs, punitive damages and injunctive relief, pursuant to Cal. Civ. Code §1785.31, as a result of Defendant's willful and malicious conduct.

### FOURTH CLAIM FOR RELIEF

### FAIR CREDIT REPORTING ACT

48. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

49. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a. And, Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

50. Defendant is a furnisher as that term is defined by the Fair Credit Reporting Act and Civil Code §1785.25(a).

51. Within the last two years, Defendant furnished false, inaccurate and incomplete information to the credit reporting agencies.

52. Defendant violated 15 U.S.C. §1681n and §1681o by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

53. Defendant willfully and negligently failed to conduct an investigation of the false and inaccurate information that Plaintiff disputed;

54. Defendant willfully and negligently failed to review all relevant information concerning Plaintiff's accounts;

55. Defendant willfully and negligently failed to report the results of investigations to the credit reporting agencies;

56. Defendant willfully and negligently reported inaccurate and false information to the credit reporting agencies;

57. Defendant willfully and negligently failed to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the false and inaccurate information disputed by Plaintiff;

58. Defendant willfully and negligently failed to provide the credit reporting agencies with the factual information and evidence Plaintiff submitted to Defendant that proved that the information concerning Plaintiff's credit reports was false and inaccurate;

59. Defendant willfully and negligently furnishes and disseminates inaccurate and derogatory credit, account and other information concerning Plaintiff's account to the credit reporting agencies;

60. Defendant willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b), it failed to conduct a reasonable investigation.

61. Defendant acted in reckless disregard of Plaintiff's rights under the law.

62. As a result Plaintiff has been damaged and seek actual, statutory and punitive damages and reasonable attorney's fees and costs for Defendant's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

### FIFTH CLAIM FOR RELIEF
### NEGLIENT HIRING, SUPERVISION OR RETENTION

63. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

64. Defendant negligently hired, supervised or retained their employees and agents as to the performance of their job duties and as a result of such negligent instruction, supervision or retention the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

65. Defendant's employees became unfit or incompetent to perform the work for which he/she was hired.

66. Defendant knew or should have known that its employees was or became unfit, incompetent and that this created a risk to others.

67. Defendant's employees unfitness or incompetence harmed Plaintiff.

68. Defendant's negligence in hiring, supervising or retaining its employees was a substantial factor in causing harm to Plaintiff.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For actual damages, including economic and non-economic and punitive damages;
2. For actual damages and a civil penalty of $30,000.00 pursuant to Civ. Code § 1798.93, as well as declaratory and injunctive relief;
3. For statutory and actual damages pursuant to and Civ. Code §§ 1788.17 and 1788.30;
4. Statutory, actual and punitive damages pursuant to Civ. Code §1785.31, as well as injunctive relief;

5. Statutory, actual and punitive damages, pursuant to 15 U.S.C § 1681n, §1681o.

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action pursuant to the Civ. Code § 1798.98, § 1788.30, § 1785.31, and 15 U.S.C § 1681n, §1681o and Code of Civil Procedure §1021.5.

7. For prejudgment interest to the extent permitted by law; and

8. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated 3/1/2021

*/s/ Balam O. Letona*

Balam O. Letona, Esq.
Attorney for Plaintiff

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** AUG-04-2021
>
> **TIME:** 10:30AM
>
> **PLACE:** Department 610
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.' However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> **(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
400 McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**